FILED
AUG 3 2007
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAMIS FELLOVE,

        Plaintiff,

v.                                                      Civil Action No. 3:05cv34
                                                     (Judge Bailey)

MR. HEADY - Unit Manager, K. J.
WENDT - Warden, K. M. WHITE -
Director Mid Atlantic Region, HARLEY
LAPPIN, Director Federal Bureau of Prisons,

        Defendants.

## OPINION/REPORT AND RECOMMENDATION

On April 21, 2005, the plaintiff initiated this case by filing a civil rights complaint against the above-named defendants in their official capacities. In the complaint, the plaintiff asserts that the defendants violated his constitutional rights pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), as well as those rights afforded him by the American with Disabilities Act ("ADA"), 42 U.S.C. § 12131, et seq.

On May 17, 2005, the plaintiff was granted permission to proceed as a pauper. The plaintiff paid his initial partial filing fee on June 29, 2005.

On March 13, 2006, the undersigned conducted a preliminary review of the file and determined the plaintiff's constitutional claims should be dismissed because remedy under Bivens is against federal officials in their individual capacities, not their official capacites. In addition, the undersigned determined that the provisions of the ADA are not applicable to the federal government. Thus, the undersigned recommended that the plaintiff's complaint be dismissed.

On April 14, 2006, the plaintiff filed objections to the first Report and Recommendation requesting leave to modify his original complaint to include claims against the defendants in their individual capacities. That request was granted by the District Judge on May 4, 2006, and this case was re-referred to the undersigned for consideration of the amended claims.[1] Therefore, this case is currently before the undersigned for consideration of the plaintiff's claims against the defendants in their individual capacities under Bivens.

## I. The Complaint

In the complaint, the plaintiff asserts that the defendants have discriminated against him because he is a "deaf-mute."

With regard to defendant Heady, the plaintiff asserts that defendant Heady refused to provide him a TTY that translates from Spanish to English so the plaintiff could communicate with his mother.[2] In addition, the plaintiff asserts that Mr. Heady also retaliated against him by refusing the plaintiff phone privileges until he paid his outstanding phone bill. Finally, the plaintiff asserts that Mr. Heady discriminated against him by refusing to assign him to specific jobs or educational courses because he cannot hear or speak.

With regard to defendant Wendt, the plaintiff asserts that Warden Wendt did nothing to correct the numerous acts of discrimination that the plaintiff contends occurred. In support of this

---

[1] The Order by the District Judge neither affirmed nor denied the first report and recommendation issued by the undersigned. Instead, it merely referred the plaintiff's amended claims to the undersigned for consideration. Therefore, the undersigned will not address the plaintiff's official capacity claims or ADA claims, as those claims have been fully considered and are pending before the District Judge in the first Report and Recommendation.

[2] The plaintiff contends that he does not know how to read or write Spanish. Conversely, the plaintiff contends that his mother does not know how to read or write English. Consequently, the plaintiff asserts that he is unable to communicate with his mother by telephone without a TTY that translates.

2

claim, the plaintiff asserts that Warden Wendt was aware of the violations, but did nothing to prevent or cure the violations and discrimination.

With regard to defendant White, the plaintiff asserts that defendant White was fully aware of the plaintiff's alleged plight, but did nothing to cure or correct the constitutional violations which were occurring.

With regard to defendant Lappin, the plaintiff asserts that defendant Lappin, as the Director of the Federal Bureau of Prisons, is responsible for the actions of his employees and that defendant Lappin was deliberately indifferent to the constitutional violations the plaintiff suffered while at FCI-Gilmer.

As relief, the plaintiff seeks damages in the amount of $750,000. The plaintiff also requests punitive damages and that FCI-Gilmer be ordered to correct the violations the plaintiff suffered and to stop its discriminatory practices against disabled prisoners.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal

3

fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Analysis

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Thus, in order to establish liability in a Bivens case, a plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

Here, the plaintiff does not allege any personal involvement on the part of defendants Wendt, White or Lappin. Instead, it appears that the plaintiff has named those defendants only in their official capacities as the Warden, the Mid-Atlantic Regional Director and the Director of the Bureau of Prisons, respectively. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against

---

[3] Id. at 327.

4

an entity of which an officer is an agent.'"). Therefore, as noted in the undersigned's first Report and Recommendation, remedy under Bivens is not available against these defendants in their individual capacities.

Nonetheless, in Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a Bivens action if the plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id. However, a plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. Id. Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id.

In this case, the plaintiff has not provided any evidence that defendants Wendt, White or Lappin tacitly authorized or were indifferent to an alleged violation of his constitutional rights. Moreover, to the extent that the plaintiff may be asserting that these defendants were deliberately indifferent to his needs by denying his administrative grievances, that claim is also without merit as this is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003). Accordingly, the plaintiff cannot maintain his claims against defendants Wendt, White or Lappin in either their official or individual capacities and

5

those defendants should be dismissed from this case.

On the other hand, the plaintiff has shown personal involvement on the part of defendant Heady in an alleged violation of his constitutional rights. Therefore, the undersigned is of the opinion that defendant Heady should be made to answer the complaint.

## IV. Recommendation

In consideration of the foregoing, and the undersigned's first Report and Recommendation, it is recommended that:

(1) the plaintiffs' claims against all of the defendants in their official capacities be **DISMISSED with prejudice**;

(2) the plaintiff's claims under the ADA be **DISMISSED with prejudice**;

(3) the plaintiff's individual capacity claims against defendants Wendt, White, and Lappin be **DISMISSED with prejudice**; and

(3) the plaintiff's individual capacity claims against defendant Heady be **SERVED** upon that defendant by having the United States Marshal Service serve a copy of the complaint, a completed summons, and a completed Marshal 285 Form on defendant Heady at the address provided by the plaintiff.[4]

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to

---

[4] Because defendant Heady is an employee of a United States agency, the summonses should reflect that the defendant has **60 days** in which to answer the complaint. See Fed.R.Civ.P. 12(a)(3)(A). Moreover, pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, a copy of the complaint and a completed summons should also be sent to the **United States Attorney for the Northern District of West Virginia**, and the **Attorney General of the United States** in Washington, D.C., via certified mail, return receipt requested.

which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as applicable, and as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 3, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE