IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DAMIS FELLOVE,

    Plaintiff,

v.                                         Civil Action No. 3:05CV34
                                         (Judge Bailey)

MR. HEADY, WARDEN K.J. WENDT,
K.M. WHITE, and MR. LAPPIN,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull, dated August 3, 2007, and the plaintiff's objections thereto filed on August 20, 2007. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

The Court, after reviewing the above, is of the opinion that the Magistrate Judge's Report and Recommendation should be and hereby is **ORDERED ADOPTED**.

Plaintiff objects to the magistrate judge's finding that there is no evidence showing defendants Wendt, White, and Lappin to have tacitly authorized or were deliberately indifferent. Plaintiff argues that the R & R failed to consider whether Wendt, Warren, and Lappin breached a duty under law, and failed to examine whether they personally instigated or adopted a policy that interfered with plaintiff's rights. In his complaint, the plaintiff alleges that defendant Mr. Heady's actions violated the plaintiff's constitutional rights as well as his

rights under the Americans with Disabilities Act.  Specifically, the complaint alleges that Mr. Heady refused to provide the plaintiff, a deaf-mute, with a TYY system that translated from Spanish to English so that the plaintiff could communicate with his mother.  When Mr. Heady refused to provide the TYY system, the plaintiff went to Warden Wendt with his complaints, which plaintiff claims resulted in retaliation from Mr. Heady by restricting phone privileges and charging for TYY use; limiting the job assignments available to the plaintiff by offering ones he could not do because he cannot hear or speak; and the plaintiff encountered that same discrimination in his attempts to partake in the educational courses offered at the institution.  Plaintiff then argues that defendants Wendt, Warren, and Lappin are at fault because they knew of Mr. Heady's actions and failed to take any action to stop those actions.

Magistrate Judge Kaull thoroughly reviewed the record and concluded that "the plaintiff has not provided any evidence that defendants Wendt, White, or Lappin tacitly authorized or were indifferent to an alleged violation of his constitutional rights."  Report and Recommendations, page 5.  Furthermore, Judge Kaull found that  Wendt, White, and Lappin could not be subject to a *Bivens* claim because they did not have the type of personal involvement that is required for that claim.  Judge Kaull recommended that claim under the ADA be dismissed, to which the plaintiff did not object, and that the charge against Mr. Heady be allowed to continue.

For the foregoing reasons and for the reasons stated in Magistrate Judge Kaull's Report and Recommendation, the Court **ORDERS** that:

1. the plaintiff's claims against all the defendants in the official capacities be **DISMISSED WITH PREJUDICE**;

2. the plaintiff's claims under the ADA be **DISMISSED WITH PREJUDICE**;

3. the plaintiff's individual capacity claims against defendants Wendt, White, and Lappin be **DISMISSED WITH PREJUDICE**; and

4. the plaintiff's individual capacity claims against defendant Heady be **SERVED** upon the defendant by having the United States Marshal Service serve a copy of the complaint, a completed summons, and a completed Marshal 285 Form on defendant Heady at the address provided by the plaintiff.

It is so **ORDERED.**

The Clerk is directed to transmit true copies of this Order to the plaintiff and all counsel of record.

**DATED:**   January 22, 2008.


JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE