IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAMIS FELLOVE,**

    **Plaintiff,**

v.                                                      Civil Action No.    3:05CV34
                                                              (BAILEY)

**DANE HEADY,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION OF JULY 16, 2008**

I.     Introduction

    On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull (Doc. 37) and the plaintiff's corresponding objections (Doc. 39). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **Thomas v. Arn,** 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation (Doc. 37)** should be, and is, **ORDERED ADOPTED**.

II.	Factual and Procedural Background

On April 21, 2005, plaintiff filed his complaint alleging violations of his constitutional rights pursuant to ***Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and the Americans with Disabilities Act.  By standing Order of the Court, this case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation.  As a result, on March 13, 2006, the Magistrate Judge entered his Report and Recommendation finding plaintiff's ADA claims against the federal Government barred by sovereign immunity.  In addition, the Magistrate Judge recommended that plaintiff's ***Bivens*** claims be dismissed as the plaintiff failed to make any allegations concerning the defendants in their individual capacities.

Following the entry of the Magistrate Judge's Report and Recommendation, the plaintiff sought and received leave to amend his complaint to plead claims against the defendants in their individual capacities.  Thereafter, the Magistrate Judge again recommended dismissal of claims against all defendants, with the exception of Dane Heady; the Magistrate Judge determined that the plaintiff had shown sufficient personal involvement to be made to answer.  On March 28, 2008, the Court adopted the recommendation of the Magistrate Judge and dismissed all claims brought under the ADA and all ***Bivens*** claims not directed at Dane Heady, who served as plaintiff's Unit Manger at FCI Gilmer.

In regard to Dane Heady, the plaintiff, who is unable to hear or speak, maintains that he suffered retaliation as a result of his direct complaints to the Warden concerning the prison phone system's inability to provide Spanish language translation when using the

Teletypwriter ("TTY") machine for conversations with his mother. As indicated by the record, in June of 2004, the plaintiff filed an administrative complaint against FCI Gilmer and its staff alleging discrimination on account of disability. While the plaintiff's administrative complaint contained numerous grievances and sought immediate transfer, it did not contain a claim for retaliation against Dane Heady or any other prison official. Ultimately, the Warden denied the plaintiff's request for immediate transfer, which the plaintiff unsuccessfully appealed to the Regional Director and the Office of General Counsel.

Upon consideration, the Magistrate Judge recommended that the plaintiff's remaining retaliation claim against Dane Heady be dismissed as the plaintiff failed to fully exhaust his administrative remedies prior to filing suit. In response, the plaintiff objects that he did in fact exhaust his administrative remedies and that the Magistrate Judge erred by failing to address his claims under the ADA.

III.   Legal Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial-- whether, in other words, there are any genuine factual

issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

Moreover, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

As properly noted by the Magistrate Judge, the Prison Litigation Reform Act (PLRA) requires that a prisoner must first exhaust available administrative remedies prior to bringing an action regarding conditions of confinement. 42 U.S.C. §§ 1997(e)-(a); **Booth v. Churner**, 532 U.S. 731, 741 (2001). This exhaustion requirement extends to federal actions brought under ***Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). **Porter v. Nussle**, 534 U.S.516, 524 (2002). Moreover, the failure to properly exhaust available administrative remedies may result in procedural default. *See* **Woodford v. Ngo,** 548 U.S. 81 (2006) (recognizing that the PLRA provisions contain a procedural default component).

The administrative remedy process governing inmate challenges to conditions of confinement is outlined in 28 C.F.R. §§ 542.10, *et seq.* As indicated in § 542.13(a), an

inmate must informally present his complaint to staff prior to filing a request for administrative remedy. *Id.* If the inmate is unsatisfied with the results of the informal process, he may then submit a formal written complaint to the Warden, which can be appealed to the Regional Director. *Id.* To the extent that the inmate is unsatisfied with the response of the Regional Director, the decision can then be appealed to the Office of General Counsel. *Id.*

IV.     Discussion

Turning to the case at bar, the Court agrees with the finding of the Magistrate Judge, that the plaintiff failed to fully exhaust his available administrative remedies prior to filing suit. To be sure, this Court notes that the record is devoid of any administrative claim filed by the plaintiff concerning retaliation. *See* (Doc. 30-3). As such, the plaintiff's unsupported assertions to the contrary are insufficient to demonstrate a genuine issue of material fact, and the defendant is entitled to a judgment as a matter a law.

Similarly, plaintiff's contentions regarding his claims under the ADA are misplaced. As recounted above, plaintiff's claims under the ADA were dismissed with prejudice by Order dated January 22, 2008, which adopted the Report and Recommendation of August 3, 2007 (Doc. 25). There, this Court explained that because the ADA does not contain a waiver of sovereign immunity, it does not apply to the federal Government, its agencies or employees. **Crowder v. True**, 845 F. Supp. 1250 (N.D. Ill. 1994); **Patterson v. Francis**, 2007 WL 4255252 *8 (N.D. W. Va.). As such, the plaintiff's objections on such grounds cannot be sustained.

V.    Conclusion

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That **Magistrate Judge's Report and Recommendation (Doc. 37)** is **ADOPTED**.

2. That the plaintiff's remaining *Bivens* claim be **DISMISSED WITHOUT PREJUDICE**; and

3. That this case be **CLOSED and RETIRED** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

Dated: September 4, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE